## Bigony *versus* Tyson.

1. Bigony gave to Tyson a bond in $1000 conditioned that Bigony should not "practise medicine within five miles of S. in which place he has this day deeded certain property to said Tyson." *Held,* that on the face of the bond the sum was a penalty and not liquidated damages.

2. The intention of the parties gathered *extra* the instrument may fix the sum named in it as liquidated damages, and the facts and circumstances so gathered being parol, the question is for the jury.

3. Circumstances in this case from which the intention that the sum was liquidated damages might be inferred.

4. Burr *v.* Todd, 5 Wright 206, followed.

January 20th 1874. Before AGNEW, C. J., MERCUR and GORDON. JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Montgomery county :* Of July Term 1873, No. 72.

This was an action of debt brought August 9th 1871, by Andrew R. Tyson against F. W. Bigony, for the breach of the condition of the following bond :—

"*Know all men by these presents,* that I, Dr. Franklin W. Bigony, of, &c., am held and firmly bound unto Dr. Andrew R. Tyson, of the same place, in the sum of $1000, lawful money, to be paid to the same Andrew R. Tyson, &c., to which payment well and truly to be made, I do bind myself and my heirs, firmly by these presents, sealed with my seal and dated this seventeenth day of April, A. D. 1861.

"The condition of this obligation is such, that if the above bounden Dr. F. W. Bigony shall well and do never practise medicine within five miles of the village of Skippackville, in which place he has this day deeded certain property to the said Andrew R. Tyson, the above obligation to be void, or else to be and remain in full force and virtue."

The plaintiff gave evidence that at the date of the bond the defendant conveyed to him a house and lot in Skippackville, at which he had resided and practised; the consideration stated in the deed (which was in evidence) was $4600, and at the time the plaintiff agreed to give defendant $1100 over what the property was worth, if he would give plaintiff a bond not to practise within five miles of Skippackville ; the plaintiff testified that he had paid $4600 for the house, lot and practice, in consideration that he would give the bond not to practise. The plaintiff testified also that the defendant had practised considerably within the limits prescribed, and that plaintiff had given him notice to desist. There was evidence also of the extent to which the defendant thus practised.

The defendant testified that the house and lot sold by him to the plaintiff was worth the whole $4600, that nothing had been said

[Bigony *v.* Tyson.]

about the $1100 spoken of by plaintiff; that he got nothing for
the bond; after plaintiff accepted the deed and took the property,
defendant gave him the bond; nothing but the house and lot were
spoken of when plaintiff purchased.

The court (Ross, P. J.) charged:—

* * * " The defendant has requested the court to charge you,
that if, under the facts laid before you, governed by the principles
of law which I have declared to you, you find that the plaintiff is
entitled to recover for a breach of the condition of the bond, that
you can only assess such damages as he has actually shown to have
been sustained by him in consequence of its breach by the defend-
ant. In other words, we are requested to charge you that the
sum, designated in the bond, is merely a penalty, and not an
amount agreed upon by the parties as liquidated damages. It is
true that forfeitures are odious ; and it is equally true that courts
will evade a construction which involves a forfeiture. But in this
case, for reasons which are controlling, we decline to charge as
thus requested by the defendant; and we say to you distinctly,
that the sum designated in the bond, is to be deemed and treated
as liquidated damages, and not as a penalty. If, therefore, under
the facts as laid before you, under the law as to this class of con-
tracts, as we have defined it, you find that the defendant has
broken the condition of the bond, the plaintiff is entitled to recover
as damages the full amount specified by the bond. In addition
to this, he is also entitled to recover further damages as interest
upon that amount which you will, in the event that your verdict
is with the plaintiff, compute from the time when Dr. Bigony was
notified to desist from his infringements upon the plaintiff's rights,
if you believe he practised within the prescribed limits at the time
such notice was given, and if he had not at that time, but after-
wards, and before the day upon which this suit was commenced,
then you will compute interest from that day." * * *

The verdict was for the plaintiff for $1118.16.

A motion was made for a new trial and overruled.

Some reference being made in the opinion of the Supreme Court
to the opinion of the court below overruling the motion, a portion
of the latter opinion is given, viz. :—

* * * " Still another test may be added, and that is the amount
of the sum fixed. If it be wholly disproportioned to the actual
damage caused by breach of the condition, it is to be construed
as a penalty. If on the other hand it represents a sum adequate
to the payment of damages, and about commensurate with them,
it indicates strongly that the sum was intended as liquidated
damages. We will apply the tests indicated to the condition of
this bond. The nature of the agreement seems to indicate the in-
tention of the parties. An old, skilful and well-established physi-
cian was selling his house, office and practice to a young and

[Bigony *v.* Tyson.]

untried gentleman.   Competition was utterly ruinous to the latter, and this sum might reasonably have been fixed as the liquidated loss of the younger man if the older should violate his agreement. The nature of the case and the character of the bargain would then lead to the inference that this sum was designated as liquidated damages and not as a penalty.   If a penalty under which continuous damages could have been recovered throughout the joint lives of the parties, it is entirely too small.   Next, the uncertainty of the proof affords a strong and almost irresistible reason for concluding that the sum was named as liquidated damages.   It by no means follows because a person in the prescribed circle was attended by Dr. Bigony, that if he had not practised there Dr. Tyson would have been the attending physician.   Doctors abound throughout the land—or that all Dr. Tyson lost was the individual case treated by Dr. Bigony; but this uncertainty of proof affected also the measure of the damages and rendered it utterly impossible for any jury to determine what was the actual loss suffered by the plaintiff.   This consideration, which under the proof was so clearly presented against construing the sum as a penalty, chiefly induced me, upon the trial, to construe it as liquidated damages.   But these difficulties must have been on the minds of the parties, and induced them, in the language of Judge Mercur, ' to make the damages the subject of previous adjustment.'

" Again, the condition left it optional with Dr. Bigony to practise medicine within five miles of Skippackville, if he chose to pay a certain sum for that privilege.   This is clearly what the contract was; no chancellor would restrain him from pursuing his practice after he had repurchased his right by the payment of the stipulated sum of $1000.   He had his choice, either not to practise or to do so upon paying $1000.   He was not bound to pay the damage he caused the plaintiff as damages, *eo nomine;* that was waived, or in lieu of action to recover damages, the right to receive and the duty to pay $1000 was substituted." * * *

The defendant took out a writ of error, and assigned for error amongst others, that the court charged that the $1000 mentioned in the bond were liquidated damages.

*H. U. Brunner* and *B. M. Boyer*, for plaintiff in error.—Stipulated damages can be, only when there is an unequivocal agreement to that effect: Robeson *v.* Whiteside, 16 S. & R. 322 ; Burr *v.* Todd, 5 Wright 212.   Penalty is never construed to mean liquidated damages: Sedgwick on Meas. of Damages 399, 410 ; Tayloe *v.* Sandiford, 7 Wheaton 13; Davies *v.* Penton, 6 B. & C. 216.   In the absence of evidence as to intention the sum is considered a penalty: Spear *v.* Smith, 1 Denio 464; Hoag *v.* McGinnis, 22 Wend. 163.

25 P. F. Smith—11

[Bigony *v.* Tyson.]

*F. March* and *G. W. Rogers*, for defendant in error.—In each case the language of the contract is to be considered and the intention gathered from its provisions and the circumstances, the ease or difficulty of measuring the damages, &c. ; and from the whole gather what equity and good conscience would require : Streeper *v.* Williams, 12 Wright 454. If the stipulation is neither in name or substance a forfeiture or penalty, but a measure to determine what otherwise would be a loss or damage uncertain and difficult to be ascertained, it is liquidated damages·: Wolf Creek Co. *v.* Schultz, 21 P. F. Smith 180 ; Sedgwick on Damages 449 ; Westerman *v.* Means, 2 Jones 97 ; Chitty on Contracts 977, &c. ; Powell *v.* Burroughs, 4 P. F. Smith 329 ; Young *v.* White, 5 Watts 460 ; Shreve *v.* Brereton, 1 P. F. Smith 181 ; Pearson *v.* Williams, 26 Wend. 630.

The opinion of the court was delivered, January 26th 1874, by
GORDON, J.—In Burr *v.* Todd, 5 Wright 206, it was held that a bond in the sum of two thousand dollars, with a condition that the obligor execute and deliver deeds for certain lands therein described, was a penalty conditioned for the· conveyance of the title, and not a liquidation of damages for a breach of condition. The bond in the case in hand is similar in its character to that above recited, the difference between the two being found only in the condition. In the one case it is for the conveyance of title ; in the other, that Dr. Bigony shall not practise medicine within five miles of the village of Skippackville. Obviously, this difference cannot of itself affect the legal construction of the bond, but one rule must govern both, unless circumstances outside of the bond control that rule.

Justice Woodward, in delivering the opinion in the case above cited, says : "It is ·impossible to regard it as liquidated damages for breach of condition. There is not a word in it to import an agreement of the parties to that effect." In like manner, do we say of the bond in suit, there *is* not one word *in it* which *imports* an agreement of the parties that it should operate as a liquidation of damages for a breach of its condition.

Viewing it, then, from a legal stand-point, as did the judge below, when he instructed the jury " that the sum designated in the bond is to be deemed and treated as liquidated damages, and not a penalty," we can come to no other than a conclusion contrary to that at which he arrived, and say, this is none other than a penalty ,designed to cover any damages the plaintiff might suffer by the defendant's breach of the bond in practising within the prescribed ʻlimits. Any other interpretation would overthrow a well-settled ʳule of law, established by a multitude of decisions.

It is not to be understood, however, that we intend to impinge upon a rule just as well established as that above stated. that is,

[Bigony v. Tyson.]

that the intention of the parties, gathered *extra* the written instrument, may control the technical rule as found upon the face of that instrument, and thus fix the sum therein mentioned as stipulated damages. But in the case in hand the facts and circumstances, which might have thus altered the rule, rested wholly in parol, and therefore should have been submitted to the jury.

A controlling circumstance would be the actual consideration of the bond, for this might go far to let us into the intention of the parties to it. There is no consideration whatever set out upon the face of the obligation, excepting that imported by the seal; and this being but technical, it can help us to no construction beyond that arising from the face of the instrument.

Had the jury found, what the court takes for granted, that the plaintiff, being a young physician, and hence having in view the serious difficulties he must encounter from the competition of an older one long settled in the place, paid the defendant eleven hundred dollars, or any other valuable consideration for the good-will of his practice, and that thereupon the bond in suit was executed, it might well have been inferred that the sum therein mentioned was intended as stipulated damages upon a breach thereof. And this the more so, in view of the difficulty of ascertaining with any degree of accuracy the actual damages resulting from the interference and competition of the defendant. But these important and controlling facts are disputed by the defendant. Indeed, if he is to be believed, he executed the bond without consideration—as a mere gratuity.

It is obvious, then, that this dispute, involving, as it does, the character of the obligation in controversy, can be settled only by a jury, and hence the court erred in charging as a matter of law, that the sum designated in the bond was to be deemed and treated as liquidated damages.

Judgment reversed, and a *venire facias de novo* awarded.